365 So.2d 302 (1978)
Gary McGEE
v.
STATE of Mississippi.
No. 50806.
Supreme Court of Mississippi.
December 13, 1978.
James J. Fougerousse, Jackson, for appellant.
*303 A.F. Summer, Atty. Gen. by Pete J. Cajoleas, and Billy L. Gore, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before ROBERTSON, LEE and COFER, JJ.
LEE, Justice, for the Court:
Gary McGee was tried and convicted in the Circuit Court of the First Judicial District, Hinds County, of aggravated assault on Milton Wilkinson with an automobile and was sentenced to five (5) years. He appeals the conviction and sentence to this Court.
On January 1, 1977, appellant, while driving a Toyota automobile on the streets of Jackson, was involved in a collision with one Eric Nash. He became angered at Nash and pursued Nash's automobile along the streets, finally driving in front of, and blocking, the same. Appellant got out of his vehicle, accosted Nash and began cursing and beating him. Nash was sixteen (16) years of age and was accompanied by his girl friend, Peggy Waddell. Appellant was seventeen (17) years of age and was accompanied by his girl friend, Donna Martin. Peggy Waddell became frightened and began sounding the horn on Nash's vehicle. Fred Norris and Milton Wilkinson, who resided nearby, came to the scene, and Wilkinson pulled appellant off Nash. Mrs. Wilkinson called the police, then went to the scene and made the statement that the police were on their way. Appellant got in his car and started to leave. Wilkinson attempted to detain him. The door on the driver's side of appellant's car was open, appellant started off hurriedly, making a 90° right turn, and Wilkinson was struck either by the door or the rear of the car. He fell a distance of approximately ten (10) feet into the edge of a yard.
All witnesses testified that Wilkinson was not struck by the front of the Toyota. Wilkinson testified that he did not know what struck him, but that it must have been either the door or the rear of the vehicle. He did not appear to be seriously injured, however, he later developed a back ailment. Appellant was indicted under Mississippi Code Annotated Section 97-3-7 (1972) which provides:
"(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life; ..."

I.

Did the trial court err in permitting the State to introduce evidence and expand on events taking place between appellant and third parties that were not relevant to the crime charged against appellant?
The trial court admitted over objection evidence about the collision and the altercation between appellant and Nash. Appellant contends that such evidence referred to separate and distinct crimes and constituted reversible error. However, such action on the part of appellant was intimately connected with and related to the crime charged and was relevant to establish the motive of appellant. Carr v. State, 175 Miss. 102, 166 So. 363 (1936). Also, the conduct of appellant and Nash constituted a part of the res gestae. There is no merit to this contention.

II.

Did the trial court err in allowing the State to conduct an in-court demonstration as to events that took place prior to the crime charged against appellant?
The witness Donna Martin (for the defendant) was asked on cross-examination to demonstrate the position of the McGee and Nash cars, which she did over objection. Such testimony was not violative of Harrington v. State, 336 So.2d 721 (Miss. 1976) and Council v. Marquis Flying Service, 250 Miss. 269, 165 So.2d 134 (1964).

III.

Did the trial court err in allowing the State to place the appellant's reputation in issue through rebuttal testimony where the *304 appellant had not offered any evidence as to his reputation during the trial?
The defense witness Donna Martin testified that appellant was not drinking on the occasion of the alleged assault. Peggy Waddell, a State's witness who talked with Donna Martin on the night of the incident, was introduced in rebuttal for the purpose of testifying that, when appellant was beating Nash, Donna told her appellant was drunk and she could not control him in such condition. This was not evidence of appellant's reputation, but was for the purpose of impeaching the witness Martin. A proper predicate had been laid for that testimony, no objection was interposed, and the trial court committed no error in admitting it in evidence. Martin v. State, 354 So.2d 1114 (Miss. 1978).

IV.

Did the trial court err in limiting appellant's right to a full and effective cross-examination of the complaining witness?
On cross-examination, Wilkinson was asked whether or not he had filed a civil suit against McGee, and he replied in the affirmative. He further stated that his attorney had read to him over the telephone the contents of a declaration, that they were correct, and that the declaration had been filed with his approval. The apparent purpose of the examination was to impeach Wilkinson on his direct testimony. The interrogation should have been permitted under Vinson v. Glenn, 338 So.2d 385 (Miss. 1976). However, no proffer was made of the testimony nor was a statement dictated into the record to indicate what was proposed to be shown by the examination. Under Newell v. State, 209 Miss. 653, 48 So.2d 332 (1950), and other cases following Newell, the trial judge is not put in error without such a record, since this Court cannot assume what would have developed from the examination.

V.

Did the trial court err in granting the State's only instruction?
The only instruction granted to the State was No. 8, as follows:
"The Court instructs the jury that if you believe from the evidence in this case beyond a reasonable doubt that on or about January 1, 1977, the defendant, Gary McGee, while acting purposely, knowingly, or recklessly, caused serious bodily injury to one Milton R. Wilkinson by running into Milton R. Wilkinson with an automobile, under circumstances manifesting extreme indifference to the value of human life, it is your sworn duty to find the defendant guilty as charged, in which case, your verdict, which should be written on a separate piece of paper, should be in the following form: `We, the jury, find the defendant guilty as charged.'"
The above instruction was not supported by the evidence. Although no specific objection was made to the instruction, we are of the opinion that manifest injustice would result unless we raise the objection here. Miss.Sup.Ct. Rules 6 and 42. The appellant did not move for a directed verdict of not guilty at the conclusion of all the evidence, nor did he ask for a peremptory instruction of not guilty, and, of course, no such assignment of error is before this Court. If such an assignment were presented here, probably, on the record before us, it would be sustained and the appellant discharged. In this status of the record, we are of the opinion that granting Instruction No. 8 was reversible error and that the judgment of the lower court should be reversed and the cause remanded.
In view of our holding on this assignment of error, it is not necessary to discuss the last assignment.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.