393 So.2d 472 (1981)
Jack B. MASSEY
v.
STATE of Mississippi.
No. 52305.
Supreme Court of Mississippi.
January 7, 1981.
Rehearing Denied February 18, 1981.
Robert B. Prather, Columbus, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., SUGG and LEE, JJ.
SMITH, Presiding Justice, for the Court:
Jack B. Massey was charged by indictment with the rape of a twenty-one year old woman. He was tried upon that charge in the Circuit Court of Lowndes County, convicted, and sentenced to twenty-five years imprisonment.
On appeal he assigns two grounds for reversal.
One of the assignments challenges the sufficiency of the evidence to support the jury's verdict. The evidence was conflicting, however, and created an issue of *473 fact for resolution by the jury as to appellant's guilt or innocence, and, there is no merit in this assignment.
The other assignment is to the effect that, over appellant's objection, the prosecution was permitted to introduce irrelevant, immaterial and unduly prejudicial testimony concerning alleged prior offenses and misconduct on the part of appellant.
At the outset, prior to the commencement of the trial, the court "sustained" in part a defense motion for leave to introduce evidence as to the victim's "sexual conduct" and the State's motion in limine. The trial court's order recited:
[T]he defendant will be allowed at the trial of this cause to introduce any evidence pertaining to any sexual relations by the complaining witness with one, Doug Cook, on the evening of October 30, 1979. No reference shall be made in any question propounded by the defendant to the fact that the said Doug Cook is married; that the complaining witness has been having a sexual relationship with the said Doug Cook prior to the evening of October 30, 1979; that she was drunk or under the influence of drugs on that evening; that she has lived with a man to whom she was not married; that she has had an illegitimate child; that she drinks to excess; that she stays out many nights to all hours of the morning or that she has made any statements to anyone concerning her reluctance to testify due to past sexual misconduct; unless the State shall first breach those issues on direct examination.
While the action of the trial court upon the motions is not assigned as error on appeal, the restrictions placed upon the defense in attacking the character of the complaining witness are in contrast to the court's action in allowing the prosecution, over strenuous and continuous objection, to adduce both on cross-examination and by an independent witness, alleged actions of misconduct reflecting upon appellant's character, extending, over a period of approximately a week prior to the crime upon which he was being tried.
The victim was employed at an establishment commonly known as a "lounge." After leaving work shortly after midnight on the morning of October 31, 1979, the morning of the alleged rape, the victim joined three males and visited other "lounges" in their company. Following this, two of the men got out of the car and the other, one Doug Cook and the victim drove out to a rural parking "spot" and sat in his car drinking beer until about daylight. Both the victim and Cook testified that they did not engage in sexual intercourse.
Arriving home near daybreak the victim said that she went to her room, changed into her nightgown, locked her bedroom door and went to sleep. She testified that at about 9:30 that morning she was awakened by appellant beating upon her door and telling her to open it. She said that she put on her robe and opened the door. Thereupon, according to the victim, the appellant came into the room with a gun in his hand, threw her on to the bed, put the gun to her head and told her to take off her underclothes. This she did. It was then, she said, that appellant had sexual intercourse with her. She testified that during this time she had been pushing him and crying and hollering at him to leave and that he had reacted to this resistance on her part by pointing the gun at her head and telling her to shut up. While this was happening, appellant's wife was not in the house. After the sexual act had been completed, the victim put on her clothes, got one of Mrs. Massey's children, who had been in the house with her, and ran to a neighbor's house, the neighbor having been Mrs. Massey's mother.
The neighbor testified that when she saw the victim she was "crying and screaming" and breathing very hard. She told her that she had been raped by appellant at gunpoint and asked her to call the sheriff.
Medical testimony indicated that there were no tears, bruises, or bleeding of the victim's private parts but that there was evidence that she had had sexual intercourse within the last twenty-four hours, probably within the last few hours.
*474 Appellant testified as a witness in his own behalf. He denied that he had committed the rape. He said that he had only talked to the victim through her locked door that morning.
The State brought out by the testimony of the victim, over the strenuous objection of appellant, evidence relating to two alleged prior incidents. In the first of these, the victim was permitted to testify that appellant, armed with a pistol, in the presence of a fourteen year old, attacked the victim by pulling her hair, pushing her around and pointing the pistol at her at a time when he was drunk. This incident is said to have occurred during the week prior to the date on which the rape is alleged to have occurred. The State was allowed to develop a second incident on cross-examination of appellant's wife, who testified as a witness for her husband. The State was permitted to cross-examine Mrs. Massey, over objection, as to an incident alleged to have occurred about a week before the alleged rape. At that time, the witness had seen her husband, in an intoxicated condition and with a knife in his hand standing at the victim's doorway. At the time she also had seen the victim drunk and asleep on her bed.
The effect of this evidence was heightened and emphasized by the State when, on rebuttal, the State introduced as a witness the fourteen year old girl, one Terry James, solely for the purpose of testifying about the former occasion in which the victim had testified she had been attacked by appellant who pulled her hair, pushed her about and threatened her with a pistol.
It has long been the rule in this state, and is a general rule elsewhere, that the issue in a criminal trial should be singular and the evidence confined to that issue. Usually the prosecution should not be allowed to show that the accused on a former occasion had committed other offenses, even though of a like nature. Sumrall v. State, 257 So.2d 853 (Miss. 1972), Cummings v. State, 219 So.2d 673 (Miss. 1969), Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966).
This Court said in Floyd v. State, 166 Miss. 15, 148 So. 226 (1933):
The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice and oppression in criminal prosecutions. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them, and, while the accused may be able to meet a specific charge, he cannot be prepared to defend against all other charges that may be brought against him. `To permit such evidence,' says Bishop, `would be to put a man's whole life in issue on a charge of a single wrongful act, and crush him by irrelevant matter, which he could not be prepared to meet.' 1 Bish.Crim.Proc. § 1124. (166 Miss. at 35, 148 So. at 230).
The State contends that the testimony referred to falls within one of the exceptions to the general rule. It is asserted by the State that the evidence of the prior misconduct was relevant to show appellant's "motive" in committing the rape on a later date. In support of this position the State cites Norman v. State, 385 So.2d 1298 (Miss. 1980) and McGee v. State, 365 So.2d 302 (Miss. 1978).
The idea that it is necessary to show a "motive" for rape is, perhaps, novel. Neither Norman nor McGee seem to support the State's position.
In Sumrall v. State, 272 So.2d 917 (Miss. 1973), this Court held that although a conviction might not be reversed in every case where inflammatory or irrelevant material is allowed to be placed before the jury, an accumulation of such instances would be capable of rendering them "fatally prejudicial" and require reversal. See also McDonald v. State, 285 So.2d 177 (Miss. 1973).
In the case now under consideration the State embarked on its course by adducing from the alleged victim, over strenuous objection of appellant, testimony of an alleged assault and battery committed upon her by appellant on an occasion prior to the date on which the alleged rape occurred. Following up this line of attack, the State then cross-examined appellant's wife, a defense *475 witness, by eliciting from her testimony that she had seen her husband drunk with a knife in his hand standing at the victim's doorway about a week prior to the rape. She said that, at the time, the victim also was drunk and was on the bed asleep and had not been awakened. The State then concluded this line of testimony by producing a witness (the fourteen year old girl) on rebuttal to testify solely as to the first of the two former incidents which involved the alleged assault and battery by appellant on the victim on an earlier date.
In short, the State placed before the jury a mass of testimony blackening the character of appellant and designed to show his guilt of other and former misconduct. This line of attack persisted throughout the trial and cannot be said to have been without substantial prejudice to the right of appellant to a fair trial. We have concluded that the pyramiding of this evidence against the appellant placed upon him a burden too heavy to bear under the circumstances of the case and deprived him of a right to a fair trial.
For that reason the conviction must be reversed and the case remanded for another trial.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.