396 So.2d 18 (1981)
Fred J. LOEFFLER
v.
STATE of Mississippi.
No. 52491.
Supreme Court of Mississippi.
March 25, 1981.
Richard V. Dymond and Jimmy D. Alexander, Gulfport, for appellant.
Bill Allain, Atty. Gen., by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
WALKER, Justice, for the Court:
Fred J. Loeffler was convicted in the Circuit Court of the Second Judicial District of Harrison County of the crime of rape and sentenced to life imprisonment. He has appealed and we reverse and remand.
Since we are remanding the case for a new trial it is unnecessary to comment on the facts, except to say that the totality of the evidence of rape against the defendant was extremely weak. There is one assignment of error which requires that this cause be reversed and remanded, and that is that the lower court erred in permitting Detective Parham Bridges to testify during the prosecution's case in chief that it was necessary for him to file an affidavit and obtain a warrant charging Loeffler with unlawful flight to avoid prosecution. An objection to this line of testimony was overruled. Although the objection was general in nature and not specific, as we have stated it must be, Stringer v. State, 279 So.2d 156 (Miss. 1973), we take note of it, under the circumstances, as plain error. Mississippi Supreme Court Rules, Rule 6; McMullen v. State, 291 So.2d 537 (Miss. 1974). Unlawful flight to avoid prosecution is, of course, a separate crime. 18 U.S.C.A. § 1073 (1976). Although evidence of other crimes is admissible under certain circumstances, see e.g., Wilborn v. State, 394 So.2d 1355 (Miss. 1981), we find no authority which holds evidence to be admissible that a criminal defendant has been charged with another offense connected in some way with the crime for which he is on trial.
*19 We would add that on retrial the prosecution should avoid reference to the fact that the State of Tennessee employed attorneys, at the expense of its taxpayers, to represent Loeffler in the extradition proceedings, unless first injected into the case by the defendant. Evidence of Loeffler's flight, if there were any, may be established in other ways.
We find no merit in the other assignments of error.
For the foregoing reasons, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.