419 So.2d 1330 (1982)
Jeffrey Glenn EUBANKS
v.
STATE of Mississippi.
No. 53426.
Supreme Court of Mississippi.
September 29, 1982.
John E. Gregg, Raymond, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
Jeffrey Glenn Eubanks was convicted of simple assault upon a conservation officer by the Circuit Court of Perry County and sentenced to five years, fined $1,000 and ordered to pay court costs. Eubanks appeals, arguing the trial court erred in allowing the State to offer evidence of other separate and independent crimes and acts of misconduct not charged in the indictment.
On July 4, 1980, Eubanks, age 18, was driving his pickup truck in the Town of Beaumont when Harold Farlow and Cecil Shoemake, Mississippi Game and Fish Commission Conservation Officers, flagged him to stop. Farlow testified he had a warrant for Eubanks' arrest for reckless driving on state property, alcoholic beverages on state property, failing to yield to a blue light and resisting arrest which occurred at Lake Perry on June 21, 1980.
*1331 After stopping Eubanks, the officers informed him they had a warrant for his arrest. Eubanks got back in his truck and attempted to drive away, but Shoemake reached into the truck and grabbed the keys. Eubanks then jumped out of the truck and the officers proceeded to chase him. Unsuccessful in their attempt to apprehend Eubanks, Farlow radioed for assistance. He testified he was aware the Highway Patrol and the Police Chief of Beaumont also had warrants for Eubanks' arrest relating to the incident of June 21, 1980.
William A. Smith, a Mississippi Highway Patrolman, responded to Farlow's call and upon arriving at the scene seized Eubanks and the two men fell to the ground. Farlow and Shoemake got into the struggle and Farlow testified Eubanks kicked him in the stomach, and again in the ribs while he was escorting Eubanks to the police car. Upon arriving at the jail, Eubanks kicked Farlow a third time and also broke several of the jail windows and a commode tank. Due to this encounter, Eubanks was charged with simple assault upon a conservation officer.
Evidence was introduced by the state, over objection and after repeated motions for a mistrial, concerning the incident of June 21, 1980, resulting in the issuance of the warrant for appellant's arrest which eventually led to the charge in the indictment  simple assault upon a conservation officer. Eubanks contends he was denied a fair trial due to the jury repeatedly being exposed to testimony regarding other alleged misconduct and misdemeanors.
Illustrative of the testimony which Eubanks complains was error follows through a question by the district attorney to Farlow:
Q. I'd like for you to tell the Court and the jury the reason why no arrest was effected on that day. (Referring to June 21, 1980).
A. [W]e had a lot of reports from campers ... that there has been a lot of teenagers out there drinking and possibly smoking pot... .
Over objection, Farlow further testified that on June 21, 1980, he had to jump out of the road to keep from getting run over by Eubanks; Eubanks was cussing the officers; Farlow thought Eubanks was going to "swing at" Officer Shoemake; and eventually, Eubanks got in his truck and sped away. Farlow then went on to say:
A. I called H.J., and H.J. set up a roadblock somewhere there in Beaumont, and he run through it and he missed him. Well, then, Smitty, the Highway Patrolman, set up on 98 over there and he went through his, I believe and he run him down 98. I heard the chase and everything on my radio down 98, and I think he lost him... .
Mississippi follows the general rule that proof of a crime distinct from that alleged in the indictment should not be admitted in evidence against the accused. E.g., Loeffler v. State, 396 So.2d 18 (Miss. 1981); Massey v. State, 393 So.2d 472 (Miss. 1981).
In Massey we cited Floyd v. State, 166 Miss. 15, 148 So. 226 (1933), which set forth the reason for this rule.
The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice and oppression in criminal prosecutions. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them, and, while the accused may be able to meet a specific charge, he cannot be prepared to defend against all other charges that may be brought against him. "To permit such evidence," says Bishop, "would be to put a man's whole life in issue on a charge of a single wrongful act, and crush him by irrelevant matter, which he could not be prepared to meet." 1 Bish.Crim.Proc. § 1124. (166 Miss. at 35, 148 So. at 230). 393 So.2d at 474.
We are mindful that this general rule has many exceptions. Tanner v. State, 216 Miss. 150, 61 So.2d 781 (1953). However, the State's contention that the testimony *1332 complained of was admissible as part of the res gestae and was necessary to prove Officer Farlow was making a lawful arrest within the scope of his duty is without merit in our opinion. The separate alleged crimes and misconduct of June 21, 1980, are not so connected that they form a single criminal transaction and cannot be separated.
We are of the opinion Farlow's testimony concerning the warrant for reckless driving on state property, possession of alcoholic beverages on state property, failing to yield to a blue light and resisting arrest, was admissible to prove Farlow was acting within his authority to arrest Eubanks. However, it was error for the trial court to allow Farlow and Shoemake to testify as to the details of the incident at Lake Perry on June 21, 1980. There was no connection between the facts surrounding that incident and the charge of simple assault for which Eubanks was tried.
We reverse and remand this case for the reasons enumerated in Spears v. State, 253 Miss. 108, 175 So.2d 158, 167 (1965), wherein we quoted from Scarbrough v. State, 204 Miss. 487, 37 So.2d 748 (1948), stating:
"This is not one of those cases for the application of the rule that a conviction will be affirmed unless it appears that another jury could reasonably reach a different verdict upon a proper trial than that returned on the former one, but rather it is a case where the constitutional right of an accused to a fair and impartial trial has been violated. When that is done, the defendant is entitled to another trial regardless of the fact that the evidence on the first trial may have shown him to be guilty beyond every reasonable doubt. The law guarantees this to one accused of crime, and until he has had a fair and impartial trial within the meaning of the Constitution and Laws of the State, he is not to be deprived of his liberty by a sentence in the state penitentiary." 204 Miss. at 497, 37 So.2d at 750).
Excluding the prejudicial testimony complained of we are aware there was ample evidence to convict Eubanks for simple assault. However, the State, by continuously placing before the jury throughout the trial evidence designed to show Eubanks guilty of other and former misconduct, constituted prejudicial error. The combination of all this prejudicial testimony being introduced before the jury in a prosecution for simple assault, in our opinion, precluded the possibility of a fair trial upon the charge in the indictment. Sumrall v. State, 272 So.2d 917 (Miss. 1973).
REVERSED AND REMANDED.
SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.