483 So.2d 328 (1986)
Larry BROWN
v.
STATE of Mississippi.
No. 56380.
Supreme Court of Mississippi.
February 5, 1986.
Pat Donald, Morton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
*329 ROBERTSON, Justice, for the Court:

I.
On the evening of November 18, 1984, the business premises of Gaddis Industrial Farms, Inc. in Forest, Mississippi, were burglarized. On February 28, 1985, Larry Brown, Defendant below and Appellant here, was formally charged with this burglary in an indictment returned by the Scott County Grand Jury. The indictment further charged that Brown was a recidivist within the meaning of Miss. Code Ann. § 99-19-81 (Supp. 1985). Brown entered a plea of not guilty to all charges.
On March 13, 1985, this case was called for trial in the Circuit Court of Scott County. That afternoon, after hearing all of the evidence and receiving the instructions of the court and the arguments of counsel, the jury found Brown guilty on the principal charge of burglary. Miss. Code Ann. § 97-17-33 (1972).
Immediately thereafter, the Circuit Court conducted a non-jury hearing on the recidivism issue. Without contradiction, the evidence established that Larry Brown had, prior to that date, been convicted of three separate felonies, grand larceny on two occasions and uttering forgery on a third. According, under the authority of Section 99-19-81, the Circuit Court sentenced Brown to serve a term of seven (7) years within the custody of the Mississippi Department of Corrections without eligibility for probation or parole.
From this conviction and sentence, Brown appeals. We affirm.

II.
The evidence against Brown is convincing. In the course of their investigation following the burglary, Forest police authorities discovered that several Gaddis checks were missing. Notice was given to concerns in the community where the burglar might attempt to pass any such check.
On the afternoon of Wednesday, November 21, a man subsequently identified as Brown entered Bradley's Discount in Forest and attempted to pass one of the checks.
Luvelle Culpepper, a Bradley's store clerk, refused to cash the check as he had been previously advised that several Gaddis checks had been stolen. He immediately called the Forest Police Department and provided a description of the person who attempted to cash the check. He subsequently identified Brown as the person who presented the check.
Thereafter, Vaughn Hollis, Chief of Police of the City of Forest, came to the scene, observed Brown at the rear of Bradley's, approached him, watched him wad something up with his hand and throw it in the ditch. Chief Hollis then detained Brown and retrieved the item which had been thrown in the ditch which happened to be a Gaddis check.
Subsequently, Larry Brown was arrested and gave a written confession as follows:
On Friday night, November 16, 1984, about 8:30 p.m. James Johnson and myself broke into Gaddis Office Building on Front Street in the City of Forest. We broke the window on the back side of the building and went inside. We took checks (6) of them, and then we left. On Wednesday, November 1, 1984, I tried to cash one of the checks at Bradley's Discount Food on Highway 35 in Forest. They would not cash the check and I left going east behind the store. All the above statement is true.
Larry Brown 11-21-84

III.
Brown's first assignment of error is that the trial court impermissibly allowed a State's witness to give testimony of another, unrelated crime allegedly committed by Brown.
What happened at trial is this: Forest police officers had received a tip from a Bradley's store clerk that Brown had attempted to cash the check which had been reported stolen. Chief of Police Vaughn Hollis and another officer went to the vicinity *330 and observed Brown. As Chief Hollis and the other officer came up behind Brown, they saw him wad something up and throw it in a ditch. The wadded object was recovered from the ditch and proved to be one of the checks complained of as stolen. After a hearing outside the presence of the jury, Chief Hollis was allowed over Brown's objection to testify that Brown was then arrested pursuant to an outstanding warrant. In response to Brown's objection the trial court ruled:
The objection is overruled. It goes to the authority of this witness to stop the defendant. Now, I will not let you go into the details of this warrant, unless it pertains to this case.
The State responded, "No, sir, it does not."
Brown's complaint is that this exchange advised the jury that he was suspected of another crime and that this had an unfair and highly prejudicial effect upon the trial.
This state has long adhered to the rule that the issue on a criminal trial should be single and that the evidence should be limited to what is relevant to the "single" issue. Evidence of a prior criminal activity on the part of one criminally accused is inadmissible where the prior offense has not resulted in a conviction. Tobias v. State, 472 So.2d 398, 400 (Miss. 1985); Donald v. State, 472 So.2d 370, 372 (Miss. 1985); Hughes v. State, 470 So.2d 1046, 1048 (Miss. 1985); West v. State, 463 So.2d 1048, 1051-52 (Miss. 1985); Tucker v. State, 403 So.2d 1274, 1275 (Miss. 1981); Sumrall v. State, 257 So.2d 853, 854 (Miss. 1972). We have held, however, that the State has a "legitimate interest in telling a rational and coherent story of what happened... ." Turner v. State, 478 So.2d 300, 301 (Miss. 1985); Neal v. State, 451 So.2d 743, 759 (Miss. 1984). Where substantially necessary to present to the jury "the complete story of the crime" evidence or testimony may be given even though it may reveal or suggest other crimes. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964).
In Black v. State, 418 So.2d 819 (Miss. 1982) the evidence reflected that the accused was arrested and taken to jail on a crime other than the burglary for which he was then under prosecution. This Court refused to reverse, holding that it was permissible for the arresting officer to "state what happened to Black because of the impounding of his vehicle". 418 So.2d at 821. It is important to note that in Black the officer was not allowed to testify that the accused was highly intoxicated, that his blood alcohol content was .260, and that he was obviously arrested for driving while intoxicated. He was allowed to testify that Black was taken to jail, even though the jury might suspect that this was because of a criminal offense other than the burglary for which he was then on trial.
Eubanks v. State, 419 So.2d 1330 (Miss. 1982) strongly supports affirmance here. The accused had been convicted of simple assault upon a law enforcement officer. He had been arrested, however, on other charges. The entire facts and circumstances of the arrest were presented to the jury. The court reversed holding that "the details of the incident" leading to the arrest were not admissible because they had "no connection" with the facts surrounding the assault for which Eubanks was tried. 419 So.2d at 1332. On the other hand, the Eubanks court ruled that the officer's testimony describing the warrant he held for the accused's arrest "was admissible to prove Farlow [the officer] was acting within his authority to arrest Eubanks [the accused]". 419 So.2d at 1332.
If anything, the testimony here was less harmful to the accused than in Eubanks. In Eubanks the officer was allowed to identify the crimes with which the accused was charged by reason of the warrant. Here the officer was merely allowed to state that Brown was arrested pursuant to a warrant, with no mention of what the charges may have been. We hold that the trial judge committed no error in his refusal to sustain the defense objection on this point.

IV.
Brown next challenges the trial court's overruling of his motion to suppress *331 his confession. As described above on November 21, 1984, Brown confessed to Forest police officers that he and another broke into the Gaddis office building and stole some checks. Suffice it to say that the written confession substantially established all of the elements of the offense with which Brown has been charged.
Without contradiction, Brown was advised of his Miranda rights. He thereafter executed a written waiver of those rights. The trial court has held that, under the totality of the circumstances, this waiver was freely, knowingly and voluntarily given. See Gavin v. State, 473 So.2d 952, 954-55 (Miss. 1985); Jones v. State, 461 So.2d 686, 696-97 (Miss. 1984).
Notwithstanding these considerations, Brown argues that his confession should not have been admitted because it was the product of an illegal search and seizure in his residence. The point is specious. While the record reflects that there was indeed a search and seizure made of a residence where Brown was supposedly living, the trial judge ruled that, as Brown testified that the house searched was not the house he was living in and further testified that the arresting officer didn't ask him about anything recovered, there was no constitutional infirmity in the confession. We agree. The assignment of error is denied.
CONVICTION OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS WITHOUT PROBATION OR PAROLE AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.