856 So.2d 412 (2003)
David Lee JACKSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01990-COA.
Court of Appeals of Mississippi.
April 1, 2003.
Rehearing Denied July 29, 2003.
Certiorari Denied October 16, 2003.
*413 Laurel G. Weir, Philadelphia, attorney for appellant.
W. Glenn Watts, by Office of Attorney General, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. David Lee Jackson was convicted of possession of cocaine and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. On appeal, Jackson contends that the trial court erred in not granting his motion for directed verdict and in admitting evidence concerning another crime. Finding no error, we affirm.

FACTS
¶ 2. On January 21, 2001, a Mississippi State Trooper was on patrol traveling south on Highway 45 when his radar registered a vehicle traveling north at a rate of 83 miles per hour in a 55 miles per hour zone. The trooper pursued the vehicle, which did not stop despite the flashing blue lights. After several miles, the vehicle stopped and the trooper asked the driver, David L. Jackson, to get out of the vehicle. The trooper patted the driver down at the scene and then transported him to the Clarke County Sheriff's Department. Jackson was arrested for not wearing a seat belt, failure to yield to a trooper, speeding, and reckless driving.
¶ 3. During an inventory search as part of the routine booking procedures at the sheriff's department, the trooper found a bag in Jackson's shoes containing substances that appeared to be cocaine and marijuana. As a result, Jackson was then additionally charged with possession of cocaine and possession of marijuana. After *414 receiving his Miranda warnings and signing a Miranda waiver of rights form, Jackson confessed that he possessed the cocaine and intended to smoke it at a party. The Mississippi Crime Lab analyzed the substance and reported it revealed a positive test for cocaine, weighing in at 25.31 grams.
¶ 4. At trial, the trooper identified Jackson as the man that was arrested on January 21, 2001. Jackson's confession was also admitted into evidence. Additionally, an employee of the Mississippi Crime Lab testified that the substance found in Jackson's shoe was cocaine. After the State rested, Jackson moved for a directed verdict which was denied. Subsequently, after the defense rested and the instructions were given, the jury found Jackson guilty on the possession of cocaine charge.

I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING JACKSON'S DIRECTED VERDICT.
¶ 5. Jackson contends that the motion for directed verdict should have been granted. Specifically, Jackson challenges the legality of the searches and the sufficiency of the evidence.
¶ 6. First, we address the legality of the searches. The trooper searched Jackson twice, once after exiting his vehicle and once at the sheriff's department during booking. As to the first search, Jackson claims that the pat down was illegal because he was stopped for a misdemeanor offense while no emergency circumstances existed. Despite the constitutional preference for searches conducted pursuant to an authorized search warrant, both the United States Supreme Court and the Mississippi Supreme Court have recognized certain exceptions to the warrant requirement. See Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (the court recognizes that there are exceptions to the warrant requirement for a search); Graves v. State, 708 So.2d 858, 862-63 (Miss.1997)(the court set forth numerous exceptions to the requirement of obtaining a valid search warrant). Some of the more established exceptions recognized by the Mississippi Supreme Court include "search incident to arrest, search of a vehicle, plain view, stop and frisk, hot pursuit and emergency search, administrative search...." Id. Therefore, according to prevailing authority, the trooper's pat down search was legal because the search was incident to the arrest.
¶ 7. As to the search at the sheriff's department, the Mississippi Supreme Court decision in Rankin v. State, 636 So.2d 652 (Miss.1994) governs. In Rankin, the defendant was arrested for carrying a concealed weapon. When he arrived at the jail, officers searched the defendant's jacket and found cocaine. The defendant was then placed under arrest for possession of cocaine. On appeal, the defendant argued that his clothing was illegally searched. The Mississippi Supreme Court set forth two grounds in holding that the strictures of the Fourth Amendment were met by the search. First, the court noted that because the personal effects of one under lawful custodial arrest were subject to search at the time and place of arrest, they were likewise subject to a warrantless search at the place of detention. Id. at 657. Second, the court stated that the search was also valid as "part of a routine inventory procedure at the place of detention, incident to processing the arrestee." Id.
¶ 8. Accordingly, we find that the circumstances in Rankin are similar to the present case. Jackson was under lawful custodial arrest and the search took place pursuant to a routine inventory search at the place of detention, incident to his processing. *415 Therefore, we find Jackson's contention that the searches were illegal to be without merit.
¶ 9. Jackson also appears to argue that his constitutional rights were violated because he was searched twice. However, he cites no authority to support this contention. This Court will not review any issues where the party has failed to cite relevant authority. Williams v. State, 708 So.2d 1358, 1360-61(¶ 12) (Miss.1998). Therefore, we will not address this particular issue.
¶ 10. We next address Jackson's second argument in this assignment of error, that the trial court erred in not granting his motion for directed verdict. A request for a directed verdict implicates the sufficiency of the evidence. The standard of review for the legal sufficiency of the evidence is well settled:
[W]e must, with respect to each element of the offense, consider all of the evidencenot just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998).
¶ 11. At trial, the trooper identified Jackson as the man he arrested and as the individual who possessed the alleged cocaine. An employee of the Mississippi Crime Lab also testified that the substance found in Jackson's shoe did test positive for cocaine. More importantly, Jackson confessed to possessing the cocaine. Therefore, we find that the evidence was clearly sufficient to support his conviction.
¶ 12. Finally, in this assignment of error, Jackson also raises as error a faulty indictment claim. Jackson raised this issue for the first time on appeal. Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court. Mack v. State, 784 So.2d 976, 978(¶ 10) (Miss.Ct.App.2001). As an appellate court, we cannot find that a trial judge committed reversible error on a matter not brought before him to consider. Smith v. State, 724 So.2d 280, 313 (¶ 127) (Miss.1998). Accordingly, this issue is barred from our review. We find the first assignment of error to be without merit.

II. WHETHER THE COURT ERRED IN PERMITTING EVIDENCE OF ANOTHER CRIME, POSSESSION OF MARIJUANA, WHICH HE WAS NOT INDICTED FOR.
¶ 13. Jackson argues that because he was not indicted for possession of marijuana the trial court erred in allowing references to the marijuana found in his shoe. In particular, when the trooper was asked what he had found in Jackson's shoe, the trooper testified that he had found substances that looked like cocaine and a marijuana leaf. Jackson also objected to the admission of the evidence submission form received by the Mississippi Crime Lab listing what had been found in Jackson's shoe. The form stated what had been submitted to the Crime Lab for testing, i.e., a white substance and a green leafy substance, but did not identify the substances as cocaine and marijuana. Additionally, at trial, the *416 Crime Lab employee only testified as to the cocaine, not the marijuana.
¶ 14. To support his argument, Jackson cites Eubanks v. State, 419 So.2d 1330 (Miss.1982). In Eubanks, the Mississippi Supreme Court held that it was reversible error when the trial court allowed the State to offer evidence of other separate and independent crimes and acts of misconduct not charged in the indictment. Id. at 1331. The instant case is distinguished from Eubanks. Here, the marijuana found in Jackson's shoe did not derive from a separate and independent circumstance and crime because it was found simultaneously with and in the same packaging as the cocaine. Moreover, Jackson fails to establish how he was prejudiced by this reference.
¶ 15. In this assignment of error, Jackson also claims that he was prejudiced by testimony concerning the street value of the cocaine found in his shoe. At trial, an officer with the Meridian Police Department testified that the 25.31 grams of cocaine found on Jackson was worth $4,500 to $6,000 depending on how it was sold. After further reviewing the record, we find that Jackson objected at trial to the testimony on the grounds that the amount stated was speculative, not that it was prejudicial. In Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994), the Mississippi Supreme Court held that the assertion on appeal of grounds for an objection, which was not the assertion at trial, is not an issue properly preserved on appeal. Therefore, because this argument is not preserved for appeal, this Court cannot reverse based upon it. Accordingly, we find the second assignment of error to be without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND ENHANCED SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.