936 So.2d 424 (2006)
Eddie L. WALKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01104-COA.
Court of Appeals of Mississippi.
August 1, 2006.
*425 James P. Johnstone, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
ISHEE, J., for the Court.
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn, and this opinion is substituted in lieu thereof.
¶ 2. Eddie L. Walker was convicted of aggravated assault after a jury trial in Pontotoc County. Upon his conviction Walker was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Walker now appeals his *426 conviction. Finding only harmless error on appeal, we affirm.

FACTS
¶ 3. Walker was employed as a mechanic at Crew's Auto Shop in Pontotoc, Mississippi. The shop was owned and managed by Dicky Crews. On September 26, 2000, Crews was away from his shop, and in his absence Crews left James Hitchcock, a co-worker of Walker's, in charge of the shop. Hitchcock and Walker worked together in a relationship that was strained at best. A mere hour and a half into the workday the two men became embroiled in a profanity-laced argument over the proper way to repair an engine that Walker had been working on. Thomas Keys, another co-worker, arrived at work to find Walker and Hitchcock already deeply in the midst of the argument. Keys was outside of the garage when the argument devolved into physical conflict, and he did not witness which man was the initial aggressor in the fight. What Keys did see upon returning to the garage was Hitchcock lying on the ground with blood pooling by his head. Keys testified that he saw Walker standing above Hitchcock with a tire iron in one hand and that Walker was riffling through Hitchcock's pants pockets with his other hand. Keys further testified that Walker turned his attack on him, hitting Keys in the leg with the tire iron. After a protracted struggle, Keys was able to wrest the tire iron from Walker's hands, at which time Walker fled the scene.
¶ 4. Mike McGowan of the Pontotoc County Sheriff's Department took pictures of the scene and retrieved the tire iron from the shop. The tire iron had no special markings or serial numbers, and was moved several times while in the custody of the sheriff's department. Walker objected at trial to the admission of the tire iron. However, his objection was overruled and Keys testified that the tire iron presented at trial was indeed the same tire iron from the shop that was in Walker's hands. Walker was subsequently convicted and sentenced to twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by this decision, Walker asserts the following errors on appeal: (1) whether the trial court erred by allowing photographs of the crime scene to be admitted into evidence; (2) whether the trial court erred by allowing the tire iron to be admitted into evidence; and (3) whether the trial court erred by denying the defense counsel's motion to exclude the defendant's prior convictions.

ISSUES AND ANALYSIS

I. Whether the trial court erred by allowing photographs of the crime scene to be admitted into evidence.
¶ 5. Walker asserts on appeal that the foundation for the admission of photographs of the crime scene had not been properly laid, and that as such, the trial court erred by allowing the photographs to be admitted into evidence. Walker further argues that the photographs offered no probative value, and were entered into evidence with the purpose of inflaming the jury. We review the admission of photographic evidence at trial under an abuse of discretion standard. Brown v. State, 682 So.2d 340, 353 (Miss.1996).
¶ 6. We begin our analysis by noting that the objection to the photographs brought by Walker on appeal was not brought before the trial court. Because this issue was not preserved for appeal, it cannot be a basis for reversal. Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994). This issue is therefore waived. Nonetheless, assuming arguendo that this issue was preserved for appeal, the record is clear that the foundation for *427 the admission of the evidence was laid through the testimony of McGowan. Furthermore, the photographs were both relevant and probative under Rules 401 and 403 of the Mississippi Rules of Evidence. The admission of the photographs cannot be considered to be an abuse of discretion by the trial court. This issue is without merit.

II. Whether the trial court erred by allowing the tire iron to be admitted into evidence.
¶ 7. Walker next asserts that the trial court abused its discretion by allowing the tire iron to be entered into evidence. Walker argues that little evidence was put forth to establish that the tool admitted into evidence was the same tire iron used in the incident. According to Walker, the chain of custody of the tire iron was questionable and thus raised serious issues regarding its authenticity. Walker states that once the tire iron was taken into custody, it became unclear as to where it was stored, how it was labeled, and who had access to it. Walker argues that the tool was merely in the vicinity of the victim when McGowan arrived on the scene, and that there were no unique markings on the tire iron that could differentiate the tool from those found in most automobile shops. Walker cites the testimony of McGowan who testified that once the tool was placed in a bag, it was taken to the Pontotoc Sheriff's Office, where the precise location of storage of the tool was unclear. McGowan testified that the tool was moved to a storage trailer by some unknown person at some unknown time, and that "after four years, its been moved so many times, digging out other evidence, there may be a different bag on it." In short, Walker asserts that the admission of the tire iron was in error as the State failed to produce "evidence sufficient to support a finding that the matter in question is what the proponent claims" in accordance with Rule 901(a) of the Mississippi Rules of Evidence.
¶ 8. The State argues in turn that the testimony of witness Keys was sufficient to establish that the tire iron entered into evidence was indeed the tire iron used by Walker, regardless of the lack of any specialized individual markings. In fact, Keys explained that he had used the very same tire iron for many years during his employment at the automotive shop. Furthermore, McGowan found the tool near to where Hitchcock was lying, and testified that the tire iron produced at trial was the one that he recovered from the scene. Additionally, although the tire iron had been moved frequently at the Pontotoc Sheriff's Office, testimony showed that it was the only tire iron in storage from the time it was bagged as evidence until the trial. The testimony at trial was sufficient to establish the authenticity of the tire iron admitted into evidence. We find this issue to be without merit.

III. Whether the trial court erred by denying the defense counsel's motion to exclude the defendant's prior convictions.
¶ 9. Under this assignment of error, Walker argues that the trial court abused its discretion in denying defense counsel's motion to exclude evidence of his prior conviction for aggravated assault if Walker was to have testified. The thrust of Walker's argument is that the prejudicial effect of his past conviction outweighed its probative value, pursuant to Rule 609(a)(1)(b) of the Mississippi Rules of Evidence. According to Walker, he decided not to take the stand in his defense due to the prejudicial effect of being cross-examined about his prior conviction. Because Walker was not able to take the take the stand in his defense, he asserts that his conviction *428 should be reversed and remanded for a new trial.
¶ 10. "Mississippi follows the general rule that proof of a crime distinct from that alleged in the indictment should not be admitted in evidence against the accused." Eubanks v. State, 419 So.2d 1330, 1331 (Miss.1982).
The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice and oppression in criminal prosecutions. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them, and, while the accused may not be able to meet a specific charge, he cannot be prepared to defend against all other charges that may be brought against him. "To permit such evidence," says Bishop, "would be to put a man's whole life in issue on a charge of a single wrongful act, and crush him by irrelevant matter, which he could not be prepared to meet."
Id. (citing 1 Bish.Crim. Proc. § 1124; Floyd v. State, 166 Miss. 15, 35, 148 So. 226, 230 (1933)). Rule 404(b) of the Mississippi Rules of Evidence states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Rule 404(b) also instructs that such evidence "may ... be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See also Carter v. State, 450 So.2d 67, 69 (Miss.1984).
¶ 11. Rule 609(a)(1)(B) of the Mississippi Rules of Evidence states that impeachment by evidence of conviction of a crime "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party." The comment to Rule 609 states that the rationale for the rule is based on fairness. "A person's past should not be able to haunt him for the duration of his life." M.R.E. 609 cmt. To further clarify the logic behind this rule, it would be unfairly prejudicial to a defendant to conclude that because the defendant committed a wrong act in the past, he must have committed the act that is the basis of his current charge.
¶ 12. In the case sub judice, the trial court determined that "the probative value of this evidence substantially outweighs its prejudicial effect, having balanced the evidence under Rule 403 and also under Rule 609." Nonetheless, we find that the admission of the testimony was more prejudicial than probative under Rules 403 and 609 of the Mississippi Rules of Evidence. The dangers of allowing convictions based upon past behavior are self-evident. Were we to allow such evidence of past crimes without strict limitations, the State would be relieved of its burden to prove the guilt of a defendant as to a given charge by instead relying on a defendant's past criminality as proof of the defendant's current guilt. Furthermore, no defendant would be allowed to fully repay his or her debt to society as the defendant would be shackled with the fear of being convicted anew for past sins.
¶ 13. In the case sub judice, the record reveals that evidence of Walker's prior conviction for aggravated assault was never presented to the jury. Regarding Walker's assertion that he did not take the stand for fear that his prior conviction would be used to impeach him during cross-examination, neither he nor his attorney explained this to the court when Walker informed the court of his decision not to testify. Moreover, neither Walker nor his attorney suggested to the court what Walker's testimony would have been *429 had he testified. The Mississippi Supreme Court has held that "[i]n order to preserve the issue whether a court erred in ruling on a motion to limit use of prior convictions the least that is required of the criminal defendant is that a proffer be made of the testimony that he would have offered but for the ruling." Settles v. State, 584 So.2d 1260, 1265 (Miss.1991) (citing Saucier v. State, 562 So.2d 1238, 1245 (Miss. 1990)). The requirement of a proffer is necessary because "the content of [the] defendant's testimony . . . provides a basis for this [C]ourt's harmless error analysis." Id. Consequently, despite our finding that the court erred, we decline to reverse and remand this case for a new trial. Walker failed to make a proffer of the testimony that he would have offered but for the court's denial of his motion to exclude evidence of his prior conviction. Additionally, we find that the overwhelming weight of the evidence supports Walker's conviction for aggravated assault. Therefore, we conclude that the court's error was harmless.
¶ 14. THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.