# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-01632-SCT

*BRIAN KING a/k/a BRIAN KING, JR. a/k/a BRIAN*
*S. KING, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2017 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| TRIAL COURT ATTORNEYS: | JOHN ANTHONY PIAZZA |
| | DENNIS LEE BISNETTE |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/29/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE RANDOLPH, P.J., COLEMAN AND CHAMBERLIN, JJ.

## RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:

¶1. Brian King was indicted as a habitual offender and charged with one count of possession of a firearm by a convicted felon. After being found guilty, King was sentenced to a term of ten years without the possibility of parole. King contends that the trial court erred in denying his request for a psychological examination and in allowing the introduction of evidence of prior bad acts. Finding no error, we affirm King's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2.     At trial, the State called Heath Blancett, an officer with the Laurel Police Department. Blancett testified that he responded to a call about an attempted armed robbery of Carlos Malone. Malone, who at the time of trial was in jail on a parole violation, testified that he was walking down the street one evening when two men approached him from behind. Malone testified that when he turned around, King was pointing a gun at him. The men demanded Malone's phone but left before he gave it to them. Malone called the police to report the attempted armed robbery and later was able to identify the gun, which was recovered by the police from King's apartment, as the gun used by King. Malone testified that, although he was not familiar with guns, he initially believed King's gun was a .40 caliber Glock. Malone testified on cross-examination that he informed the police that he no longer wanted to pursue the attempted armed robbery charge.

¶3.     Officer Charlie Turner with the Laurel Housing Authority informed Investigator Stewart of King's location. Turner and Stewart went to that address and found King there in an apartment on the second floor. Turner testified that he did not observe anyone with King. Turner found a weapon under the mattress in the bedroom of the apartment. The fully loaded gun was later turned over to Investigator Reaves, who testified that he swabbed the gun for DNA and then sent it to the Mississippi Crime Lab for prints. Reaves was able to identify the weapon retrieved from the apartment as the .45 caliber Glock 21 in evidence.

¶4.     Jamie Bush, a forensic scientist with the crime lab, was tendered as an expert in forensic latent prints. Bush testified that he found a latent palm print on the magazine of the

gun found in the apartment. He identified the palm print as having been made by King's left palm.

¶5. The State rested, and King chose not to testify in his defense. The defense rested after calling no witnesses. The jury found King guilty of possession of a firearm by a convicted felon.

¶6. In a separate hearing, the trial court examined King's prior sentencing orders and, finding that Mississippi Code Section 99-19-81 (Rev. 2015) was satisfied, sentenced King to a term of ten years without the possibility of parole. King moved for judgment notwithstanding the verdict, which the trial court denied.

## STATEMENT OF THE ISSUES

I. Whether the trial court erred in refusing the defendant a psychological examination when defense counsel, having personal knowledge of King's detachment from reality, provided reasonable grounds to the court why the defendant was unable to assist in his own defense.

II. Whether the State knowingly interjected improper evidence of other bad acts, thereby prejudicing the jury against the defendant.

## ANALYSIS

**I. Whether the trial court erred in refusing the defendant a psychological examination when defense counsel, having personal knowledge of King's detachment from reality, provided reasonable grounds to the court why the defendant was unable to assist in his own defense.**

¶7. Trial courts are afforded broad discretion in determining whether to order a mental evaluation and competency hearing. ***Harden v. State***, 59 So. 3d 594, 603 (Miss. 2011). In determining whether an abuse of discretion occurred, this Court considers whether "the trial

3

judge received information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted the judge to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense." *Goff v. State*, 14 So. 3d 625, 644 (Miss. 2009).

¶8. King claims that the trial court erred in denying his request for a mental examination to determine if he was competent to stand trial. Prior to trial, defense counsel filed a motion requesting that the trial court order a psychiatric examination for King. Counsel argued that he had "reason to believe his client suffers from some mental disease, injury or deficiency which could render his client incapable of assisting in preparation of his defense of the cause against him, or in standing trial on said cause." Counsel also argued that King might be "incapable of intelligently pleading on the merits of his case."

¶9. During the hearing on counsel's motion, counsel argued that King's inability to communicate and reconcile with reality necessitated that a psychiatric examination be performed. King asked the trial court if he could speak, and the court granted him the opportunity. King was placed under oath and testified that he understood he did not have to speak at the hearing in support of his motion. King stated that it was his choice to testify.

¶10. King testified that he previously was indicted on the exact charge for which he, at the time of his trial, was serving time. He argued that such was improper due to double jeopardy. From King's testimony, the trial judge determined that King had pleaded guilty in 2013 to possession of a firearm. He was sentenced to a ten-year term, with three years suspended.

4

The trial judge explained to him that the 2015 charge was for a similar offense that had occurred approximately two years after the first charge.

> Mr. King, once you're a felon, even though you may can get convicted of an earlier possession of a firearm like the one you were arrested for in 2013, and you're doing time on that, that doesn't mean that you can later carry a firearm without consequence two years later.

¶11.    King then argued that he was never arrested for possession of a gun, only for armed robbery. The district attorney then explained that King initially was arrested for armed robbery, but that those charges had been reduced to possession of a firearm by a felon because the State did not consider credible the alleged victim of the armed robbery. When police arrested King the day after the alleged armed robbery, a weapon was found in his apartment. The State decided to proceed only on the weapon charge and not the armed-robbery charge. King acknowledged that he understood the State was only pursuing the felon-in-possession-of-a-firearm charge.

¶12.    The trial judge stated as follows:

> I do not find, based on my and your conversation, that you have any kind of mental deficiency. In fact, it seems the opposite of that to me, that you have none at all, that you're perfectly coherent, capable of assisting your attorney. You have rational thoughts, rational argument. But this is your attorney. And you're facing this charge of possession of a firearm. It is not the same event that you were charged with back in 2013. It's one on October 27th, 2015.

¶13.    Defense counsel continued to argue that, while it appeared King could rationalize, he could not reconcile his double-jeopardy argument. When the trial judge once again asked King if he understood the charges against him, King argued that he never had a gun. The trial judge explained that was a fact issue for trial.

> If you say you didn't have a gun, that's a fact issue for trial. And you can testify at your trial that you didn't have a gun, this is all a mistake. You can testify to that at the trial. You have that right to say, I didn't even have a gun; I didn't do this. You have that right to testify at trial. You have every right to do that.

The trial judge denied the motion for a psychiatric examination.

¶14. At the time King was indicted and the motion for a psychiatric examination was filed, Rule 9.06 of the Mississippi Uniform Rules of Circuit and County Court Practice controlled competency to stand trial. Rule 9.06 reads in pertinent part,

> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with a § 99-13-11 of the Mississippi Code Annotated of 1972.

URCCC 9.06. However, prior to trial on July 1, 2017, that rule was abrogated by Rule 12 of the Mississippi Rules of Criminal Procedure.

> There is a presumption of mental competency. In order to be deemed mentally competent, a defendant must have the ability to perceive and understand the nature of the proceedings, to communicate rationally with the defendant's attorney about the case, to recall relevant facts, and to testify in the defendant's own defense, if appropriate. The presence of a mental illness, defect, or disability alone is not grounds for finding a defendant incompetent to stand trial. If as a result of mental illness, defect, or disability, a defendant lacks mental competency, then the defendant shall not be tried, convicted, or sentenced for a criminal offense.

MRCrP 12.1.

> If at any time before or after indictment, the court, on its own motion or the motion of any party, has reasonable grounds to believe that the defendant is mentally incompetent, the court shall order the defendant to submit to a mental examination.

6

MRCrP 12.2. Because no change in the law had occurred, the trial court proceeded under the new criminal rules.

¶15. After questioning King, the trial court found no reasonable grounds to support that King was mentally incompetent. In fact, the trial court found the opposite—that King was coherent and rational. King failed to meet his burden and to overcome the presumption that he was competent to stand trial. King presented no evidence to raise any doubt about his competency to stand trial or to rationally aid in his defense. *See Goff*, 14 So. 3d at 644. We find that the trial court did not abuse its discretion in denying the motion for a psychiatric examination.

## II. Whether the State knowingly interjected improper evidence of other bad acts, thereby prejudicing the jury against the defendant.

¶16. King argues that the State improperly adduced evidence of an armed robbery against Carlos Malone. While the armed robbery was mentioned numerous times, the evidence was presented to inform the jury how the investigation against King began. Malone initially reported that King had robbed him at gunpoint. Further, the trial court informed the jury early on in the trial that any mention of robbery was not to prove that a robbery actually had occurred.

¶17. "Proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences." *Neal v. State*, 451 So. 2d 743, 759 (Miss. 1984). *See also Wheeler v. State*, 536 So. 2d 1347, 1352 (Miss. 1988). We have also held that the State has a "legitimate interest in telling a rational and coherent story of what

happened. . . ." ***Neal***, 451 So. 2d at 759. *See also **Brown v. State***, 483 So. 2d 328, 330 (Miss. 1986) ("Where substantially necessary to present to the jury the complete story of the crime evidence or testimony may be given even though it may reveal or suggest other crimes.").

¶18. King's act of possessing the weapon during the attempted robbery of Malone and his mere possession of the weapon was a single transaction. In an attempt to present the full story to the jury, Blancett testified that he was called to the scene of an attempted robbery and that the victim identified the person with the gun as King.

¶19. The parties stipulated that King was a convicted felon. Malone testified that he had known King his entire life and that King had pointed a gun at Malone. King did not testify and did not put on any witnesses to refute the State's evidence that he, a convicted felon, had possessed a weapon. We find this issue lacks merit.

**CONCLUSION**

¶20. We affirm the trial court's denial of King's motion for a psychiatric examination, because no reasonable grounds existed to believe that King was mentally incompetent. Further, King's argument that the State improperly interjected evidence of other bad acts is without merit, because the attempted armed robbery and possession of a firearm stemmed from the same transaction or occurrence and provided to the jury a complete story of what happened. We affirm the conviction and sentence of Brian King.

¶21. **AFFIRMED.**

**WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**