# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-KA-00497-SCT

*RICKY PALMER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2004 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM P. KNIGHT, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOSE BENJAMIN SIMO |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/12/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., CARLSON AND GRAVES, JJ.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Ricky Palmer appeals from his convictions in the Pontotoc County Circuit Court on two counts of sale of methadone and one count of sale of morphine, both schedule II controlled substances. On appeal Palmer argues that the trial court erred by allowing testimony regarding previous narcotics dealings and by not giving a limiting instruction to the jury, sua sponte, as to the use of such testimony. As neither of these arguments are persuasive, we affirm Palmer's convictions and sentences.

## FACTS

¶2.     In June 2003 Palmer on two occasions sold schedule II narcotics to Teresa Abbott who was acting as a confidential informant for the Pontotoc County Sheriff's Department. Palmer was arrested in November 2003 during a large scale drug bust of individuals under investigation by the sheriff's department. He was indicted in November 2003 and later tried and convicted on all three counts. For these crimes Palmer was ordered to serve three consecutive sentences, each sentence was 30 years with 20 years suspended.

¶3.     Prior to trial Palmer filed a motion in limine to exclude testimony that he had previously engaged in transactions involving schedule II narcotics. The trial court held a hearing on the motion and denied it, stating:

> It is I believe relevant in the State's case demonstrating that he had such items in his possession and coupled with other evidence which the State presumably will present demonstrates that he not only had them but the evidence is, what I think it might be, it would demonstrate that he did in fact do that. So it's all part of one transaction or the *res gestae*.
>
> As to any consideration of prejudicial versus probative value, I consider it to be probative to the extent that any supposed prejudice is outweighed by the probative value of this evidence. . . .

¶4.     At trial the State called Regina Monts, who at the time was serving an eight-year sentence after pleading guilty to possession of methadone and hydrocodone, and she identified Palmer as a man she knew because of previous "business dealings" between the two. Monts testified that during the summer of 2003 Palmer on at least four occasions purchased, for resale, quantities of methadone and morphine from her. She testified that while Palmer was not her only customer that he was a regular customer.

2

¶5. Palmer did not deny that he purchased and used drugs. His defense was that Abbott, the confidential informant, who was paid "real good money" by law enforcement to buy drugs, actually tricked the narcotics officers into thinking that she was buying drugs from him and others, when actually she did not. Thus, Palmer contends that he was not guilty of selling drugs.

¶6. The State presented its case through the testimony of Kevin Rodgers, a criminal investigator for the North Mississippi Narcotics Unit, Monts and Abbott, and Mike Doss, the narcotics investigator for the Pontotoc Police Department. It closed with showing the video of the buy from Palmer. The defense rested without calling any witnesses.

## ANALYSIS

¶7. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. *Jones v. State*, 904 So. 2d 149, 152 (Miss. 2005). The admissibility of evidence rests within the discretion of the trial court, and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs. *Clemons v. State*, 732 So. 2d 883, 887 (Miss. 1999).

¶8. Palmer first asserts that the trial court abused its discretion in denying his motion in limine and allowing Monts to testify regarding previous narcotics sales between them. The general rule is that evidence of a crime, other than the one for which the accused is being tried, is not admissible. *Ballenger v. State*, 667 So. 2d 1242, 1256 (Miss. 1995) (citing *Duplantis*

*v. State*, 644 So. 2d 1235, 1246 (Miss. 1994)). However, there are exceptions to this general rule as provided by Miss. R. Evid. 404(b):

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

This Court has consistently held the admission of evidence of unrelated crimes for the purpose of showing the accused acted in conformity therewith is reversible error, but admission for the above reasons is permissible. *Ballenger*, 667 So. 2d at 1256.

¶9. Evidence of other crimes or bad acts is also admissible in order to tell the complete story so as not to confuse the jury. In *Brown v. State*, 483 So.2d 328, 330 (Miss. 1986), this Court said the State has a "legitimate interest in telling a rational and coherent story of what happened." Where substantially necessary to present to the jury "the complete story of the crime", evidence or testimony may be given even though it may reveal or suggest other crimes. *Simmons v. State*, 813 So. 2d 710, 716 (Miss. 2002); *Ballenger*, 667 So. 2d at 1257. In the case of drug sales, this Court has specifically affirmed the admission of evidence of prior involvement in the drug trade to prove intent to distribute. *Swington v. State,* 742 So. 2d 1106, 1111 (Miss. 1999); *Holland v. State*, 656 So. 2d 1192, 1195 (Miss. 1995).

¶10. In the present case it is clear that the trial court admitted the testimony for the purposes of proving intent, motive and in completing the story of the charged crime. *See Simmons*, 813 So. 2d at 716. Therefore, it cannot be said that the trial court abused its discretion in admitting

the evidence. Even though the testimony passed muster under Miss. R. Evid. 404(b) it still must be admissible under the ultimate filter of Miss. R. Evid. 403, meaning that the risk of undue prejudice cannot substantially outweigh the probative value. *Ballenger*, 667 So. 2d at 1257.

¶11. This Court has held that whenever Miss. R. Evid. 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to a Miss. R. Evid. 403 balancing analysis. *Brown v. State*, 890 So. 2d 901, 912 (Miss. 2004). Rule 403 provides for the exclusion of evidence, even if relevant, where the risk of undue prejudice outweighs its probative value. *Simmons*, 813 So. 2d at 716. Palmer asserts that the trial court's balancing was "incomprehensible at best." However, after reviewing the record it is clear that the trial court weighed the evidences' probative value against the potential for undue prejudice. Therefore, we find Palmer's first issue is without merit.

¶12. Palmer next asserts that the trial court erred in failing to sua sponte give a limiting instruction to the jury regarding the value of Monts's testimony. In support Palmer cites *Smith v. State*, 656 So. 2d 95, 100 (Miss. 1995), in which this Court first announced the requirement that a limiting instruction must be given to the jury when Miss. R. Evid. 404(b) evidence is given. *Smith*, 656 So. 2d at 97. However, this Court revisited the *Smith* decision and overruled it prior to Palmer's trial. *Brown*, 890 So. 2d at 913. Palmer's case was tried on December 2-3, 2004, after *Brown* was handed down on September 2, 2004, the motion for

rehearing denied November 4, 2004 and the mandate issued November 12, 2004. Therefore, at Palmer's trial ***Brown*** was clearly controlling.

¶13. In ***Brown*** this Court stated:

> The burden should properly be upon the trial counsel to request a limiting instruction. This was our rule before ***Smith***, in accord with Rule 105 of the Mississippi Rules of Evidence. The rule provides in pertinent part that "[w]hen evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, *upon request*, shall restrict the evidence to its proper scope and instruct the jury accordingly

***Id***. (emphasis in original). Therefore, the burden now rests on trial counsel, not the trial court, to request a limiting instruction for Miss. R. Evid. 404(b) evidence. In the present case trial counsel did not affirmatively present a jury instruction regarding Monts's testimony to the trial court. Therefore, the trial judge cannot be found in error for not giving this instruction.

## CONCLUSION

¶14. The trial court did not err in denying Palmer's motion in limine or in failing to give a limiting jury instruction not presented to it. As a result, Palmer's appeal is without merit, and we affirm his convictions and sentences.

¶15. **COUNT I: CONVICTION OF SALE OF METHADONE AND SENTENCE OF THIRTY (30) YEARS, WITH TWENTY (20) YEARS OF SAID SENTENCE BEING SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE IN COUNT I SHALL RUN CONSECUTIVELY WITH THE SENTENCES IN COUNTS II AND III. COUNT II: CONVICTION OF SALE OF MORPHINE AND SENTENCE OF THIRTY (30) YEARS, WITH TWENTY (20) YEARS OF SAID SENTENCE BEING SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONSECUTIVELY WITH THE SENTENCES IN COUNTS I AND III. COUNT III: CONVICTION OF SALE OF METHADONE AND SENTENCE OF THIRTY (30) YEARS, WITH TWENTY (20) YEARS OF SAID**

**SENTENCE BEING SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE IN COUNT III SHALL RUN CONSECUTIVELY WITH THE SENTENCES IN COUNTS I AND II.**

**SMITH, C.J., WALLER, P.J., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**