# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-00958-SCT

*HAROLD DONELL HARGETT a/k/a JUNIOR*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/14/2008 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HAROLD DONELL HARGETT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DEE BATES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 05/26/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     Harold Hargett was indicted by a Pike County grand jury for the sale of less than thirty grams of marijuana and the sale of ten dosage units of hydrocodone in violation of Mississippi Code Section 41-29-139. A jury found Hargett guilty on both charges, and he was sentenced as a habitual offender to six years for the sale of marijuana and sixty years for the sale of hydrocodone. These sentences were set to run concurrently in the custody of the Mississippi Department of Corrections (MDOC). The Court of Appeals affirmed Hargett's

conviction and sentence. *Hargett v. State*, 2010 WL 3467174, at *1 (Miss. Ct. App. Sept. 7, 2010).

¶2.    This Court granted Hargett's petition for certiorari to consider whether admitted testimony referencing Hargett's prior bad acts should have been excluded. We limit our discussion to this issue. We reverse the decisions of the Court of Appeals and the Pike County Circuit Court and remand for a new trial, finding testimony referencing prior bad acts should have been excluded, as it does not fit an exception under Rule of Evidence 404(b) and is overly prejudicial under Rule 403.

**FACTS**

¶3.    Gabe Brumfield (Brumfield) and his wife Carla Brumfield (Carla), confidential informants, contacted the Mississippi Bureau of Narcotics (MBN) and arranged to purchase drugs from Hargett. Brumfield assured MBN Agents Chad Griffin and Sheldon Jolliff that he had spoken to Hargett and was confident Hargett would sell marijuana and hydrocodone to him. After speaking with the MBN agents and arranging the location of the potential drug sale, 1124 Wittimer Street in McComb, Mississippi, Brumfield went to Hargett's house wearing an audio monitoring device. Brumfield made the purchase and identified Hargett as the one who had sold him the drugs. The MBN agents were located about one block away from the drug sale, and although they were able to hear the transaction through the audio recording device attached to Brumfield, they were unable to see the transaction.

¶4.    Before trial began, Hargett's counsel argued a motion in limine to exclude evidence of Hargett's prior convictions, as the prejudice would outweigh any probative value. The trial judge granted the motion, precluding the State from introducing evidence of Hargett's prior

2

drug convictions, and instructing the State to consult the bench before introducing testimony referencing these prior convictions or bad acts. Despite the ruling on the motion in limine, the State continually elicited inadmissible testimony.

¶5. Early in the trial, after being asked how many times MBN agents had bought drugs at 1124 Wittimer Street, Agent Griffin stated, "This particular case number is the second case on Harold." A bench conference followed this testimony, and the trial judge sustained a continuing objection to testimony referencing prior convictions or bad acts. The trial judge instructed the State, "Just don't go there." But later, when asked about prior drug purchases from 1124 Wittimer Street, Agent Griffin stated, "I was the case agent on a case with Harold Hargett's brother, Joe Nathan Brumfield."[1] Another bench conference was held after this improper use of Hargett's name in connection with his brother's prior bad acts. The trial judge told the State, "No names, no names."

¶6. After the State was instructed *not* to refer to Hargett in connection with prior bad acts or convictions, and after two bench conferences instructing the prosecutor to avoid reference to Hargett's prior bad acts or convictions, Brumfield was asked how he knew Hargett. Brumfield's response was, "because I have bought pills and marijuana from him before." Brumfield then clarified he also knew Hargett because he worked with him. When Carla was asked how she knew Hargett, Carla stated that she lived a block from Hargett. She then unnecessarily added, "the first time I met him was when me and my husband went up there

---

[1]It is merely coincidental that Hargett's brother and the CI have the same last name.

3

to buy drugs from him." In total, four improper, prejudicial exchanges took place in trial referencing Hargett in connection with a prior bad act or conviction.

## STANDARD OF REVIEW

¶7. Admission or exclusion of evidence will be viewed on an abuse-of-discretion standard. *Jones v. State*, 904 So. 2d 149, 152 (Miss. 2005). "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." *Price v. State*, 898 So. 2d 641, 653 (Miss. 2005) (citing *Walker v. State*, 878 So. 2d 913, 915 (Miss. 2004) (quoting *Jefferson v. State*, 818 So. 2d 1099, 1104 (Miss. 2002))). "Where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party." *Ladnier v. State*, 878 So. 2d 926, 933 (Miss. 2004) (quoting *Whitten v. Cox*, 799 So. 2d 1, 13 (Miss. 2000) (citing *Floyd v. City of Crystal Springs*, 749 So. 2d 110, 113 (Miss. 1999))).

## DISCUSSION

*I. Prior Acts*

¶8. Although a judge has broad discretion in admitting evidence, evidence of a crime other than the one for which the accused is being tried generally will not be admissible. *Ballenger v. State*, 667 So. 2d 1242, 1246 (Miss. 1995) (citing *Duplantis v. State*, 644 So. 2d 1235, 1246 (Miss. 1994); *Ladner v. State*, 584 So. 2d 743, 758 (Miss. 1991), *cert. denied*, 502 U.S. 1015, 112 S. Ct. 663, 116 L. Ed. 2d 754 (Miss. 1991), *Rose v. State*, 556 So. 2d 728 (Miss. 1990)). Evidence of prior bad acts or convictions will be admissible if it meets the criteria set forth in our evidentiary rules.

4

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

M.R.E. 404(b). Testimony will be excluded under Rule 403 if it is overly prejudicial.

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

M.R.E. 403. In essence, the risk of undue prejudice must not substantially outweigh its probative value. *Ballenger*, 667 So. 2d at 1257. In the case *sub judice*, the testimony fits no exception under Rule 404(b) and is overly prejudicial under Rule 403.

¶9.     The Court of Appeals states that "each questioned instance falls squarely within the exception provided in M.R.E. 404(b). *Hargett v. State*, 2010 WL 3467174, at *2. But, the court failed to explain how any exception applies. At trial, the State argued it would be offering evidence of Hargett's prior drug convictions to prove there was no mistaken identity. But the defense never alleged mistaken identity. As the trial judge stated, "The theory of the case can't be we know he's a drug dealer . . . unless he alleges a mistake, there is no reason to prove absence of mistake."

¶10.     The Court of Appeals found the elicited testimony was necessary to tell the complete story. Evidence of other crimes may be admissible to tell the complete story, so the jury will not be confused. *Palmer v. State*, 939 So. 2d 792, 795 (Miss. 2006). But, in this case, the elicited testimony was excessive and unnecessary.

¶11.     Carla first stated she knew Hargett because he lived down the street from her. She then unnecessarily explained she had met Hargett while buying drugs. When Agent Griffin was

asked how many times he had bought drugs at this specific location, he unnecessarily answered the number of times he had bought drugs from Hargett. When discussing a prior case on Hargett's brother, it was not necessary to refer to Hargett as though he was connected to his brother's prior drug sale.

¶12.    In **Ballenger**, this Court allowed testimony to "complete the story," because the evidence was "an integral part of the story surrounding Ellis's death." **Ballenger**, 667 So. 2d at 1257.  This Court stated, "It shows that Ballenger had the intent that Ellis be killed . . . . It shows Ballenger's plan to cover up the robbery . . . it identifies Ballenger as a participant." *Id*. But this Court also noted, "This is not an instance where a jury hears about another similar crime which would likely cause them to find guilt because she had done it before. [sic]  The prejudicial effect of this testimony did not outweigh its probative value." *Id*.  Here, the exact type of impermissible testimony contemplated by the **Ballenger** Court was admitted.  The jury heard about a similar crime, "which would likely cause them to find guilt." *Id*.

¶13.    As previously noted, a trial judge has broad discretion in admitting testimony.  But this discretion is subject to some limits.

> Vigorous prosecution does not require, and fairness does not permit, that one charged with an offense in this area be loaded with prejudicial irrelevancies. The commendable zeal of the District Attorney to convict those he believes guilty must never be allowed to blind either him or the courts to the necessity of affording every man a fair trial.

**Sumrall v. State**, 272 So. 2d 917, 919 (Miss. 1973).

**II.  Harmless Error**

¶14.    As previously noted, a "substantial right of a party" must be affected to order reversal. The prejudicial testimony, continually admitted throughout trial, affected Hargett's

constitutional right to a fair trial. This Court will "deem harmless an error where 'the same result would have been reached had [it] not existed.'" ***Pitchford v. State,*** 45 So. 3d 216, 235 (Miss. 2010) (citing ***Tate v. State***, 912 So. 2d 919, 926 (Miss. 2005) (quoting ***Burnside v. State***, 882 So. 2d 212, 216 (Miss. 2004)). The testimony that Hargett had sold drugs to the informant would not have had the same persuasive effect without testimony that he had previously sold drugs. Certainly it cannot be determined that a guilty verdict would have been reached without testimony of Hargett's prior convictions.

¶15.   In ***Robinson v. State***, this Court reversed the decision of the Court of Appeals, finding prior-bad-acts testimony was admitted improperly at trial. ***Robinson v. State***, 35 So. 3d 501, 507 (Miss. 2010). Quoting the Court of Appeals' dissent, this Court stated, "before Robinson uttered the first word in his defense, the State had introduced the improper prior-bad-acts evidence, and the damage had been done." ***Id***. (citing ***Robinson v. State***, 35 So. 3d 524, 535 (Miss Ct. App. 2009) (King, C.J., dissenting)). This Court further stated:

> Not only had the damage been done with respect to the jury being presented with inadmissible, prejudicial evidence, but also, Robinson's constitutional right to testify (or refrain therefrom) had been compromised . . . based upon the admission of this evidence, Robinson was presented with the options of either taking the witness stand in an attempt to mitigate the prejudice caused, or foregoing that right and permitting the jury's consideration of such evidence without response.

***Robinson***, 35 So. 3d at 507.

¶16.   In this case, the jury heard continual references to Hargett's prior convictions before he had any opportunity to present a defense. The improperly admitted evidence is overly prejudicial and meets no exception under Rule 404(b), which results in reversible error. For

these reasons, we reverse the decisions of the Court of Appeals and the Pike County Circuit Court, and remand for a new trial.

¶17.    **REVERSED AND REMANDED**.

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR.  KING, J., NOT PARTICIPATING**.