ISHEE, J„
 

 for the Court:
 

 ¶ 1. A Pike County grand jury indicted Harold Hargett for the sale of less than thirty grams of marijuana and the sale of ten dosage units of hydrocodone in violation of Mississippi Code Annotated section 41-29-139 (Rev.2009). Hargett was found guilty by a jury on both charges. The circuit court sentenced Hargett as a habitual offender to six years for the sale of marijuana and sixty years for the sale of hydrocodone, with the sentences to run concurrently, all in the custody of the Mississippi Department of Corrections (MDOC). After denial of his post-trial motions, Hargett timely appeals. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. The Mississippi Bureau of Narcotics (MBN) was contacted by confidential informants who stated that one of them could buy marijuana and hydrocodone from Har-gett. The informant further stated that he knew Hargett and that he already had spoken to him about a possible drug purchase. MBN agents Chad Griffen and Sheldon Jolliff arranged for the informant to attempt to make a drug purchase from Hargett at Hargett’s house.
 

 ¶ 3. Upon arrival at the house, the informant, wearing an audio monitoring device, entered the house and inquired about the purchase of marijuana and hydrocodone. The purchase was made, and the informant identified Hargett as the seller.
 

 
 *977
 
 DISCUSSION
 

 I. Prior Acts
 

 ¶ 4. In his initial allegation of error, Hargett points to four specific instances where the State either mentioned or elicited evidence or testimony referencing prior crimes, wrongs, or bad acts in violation of the trial court’s ruling on a motion in limine. While Hargett ably cites the applicable law, he has failed to consider the many exceptions to Mississippi Rule of Evidence 404(b).
 

 ¶ 5. The standard of review regarding the admission or exclusion of evidence is abuse of discretion.
 
 Jones v. State,
 
 904 So.2d 149, 152 (¶ 7) (Miss.2005). The admissibility of evidence rests within the discretion of the trial court, and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs.
 
 Clemons v. State,
 
 732 So.2d 883, 887 (¶ 18) (Miss.1999).
 

 ¶ 6. Generally, evidence of a crime, other than the one for which the accused is being tried, is not admissible.
 
 Palmer v. State,
 
 939 So.2d 792, 795 (¶ 8) (Miss.2006). However, there are exceptions to this general rule as provided by Mississippi Rule of Evidence 404(b), which states:
 

 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 

 ¶ 7. Further, evidence of other crimes or bad acts also is admissible to tell the complete story so as not to confuse the jury.
 
 Palmer,
 
 939 So.2d at 795 (¶ 9);
 
 Ballenger v. State,
 
 667 So.2d 1242, 1257 (Miss. 1995). “[T]he State has a legitimate interest in telling a rational and coherent story of what happened. Where substantially necessary to present to the jury the complete story of the crime, evidence or testimony may be given even though it may reveal or suggest other crimes.”
 
 Palmer,
 
 939 So.2d at 795 (¶ 9) (citations and quotation marks omitted).
 

 ¶ 8. “Even where evidence of other crimes is admissible under [Rule] 404(b), it [cannot] be admitted unless it also passes muster under [Mississippi Rule of Evidence] 403. That is, the risk of undue prejudice must not substantially outweigh its probative value.”
 
 Ballenger,
 
 667 So.2d at 1257. As noted above, Hargett points to four specific instances where he felt the State had violated Rule 404(b). However, after a full and careful review of the record, it is clear that each questioned instance falls squarely within the exceptions provided in Rule 404(b). Accordingly, Hargett’s first allegation of error is without merit.
 

 II. Peremptory Strike
 

 ¶ 9. In his second allegation of error, Hargett asserts that, due to the trial court’s failure to strike a juror for cause, he was forced to strike said juror, and consequently, he was unable to strike a subsequent juror due to no remaining challenges. Unfortunately, his claim of error in the jury selection is without basis in the record. Hargett struck five other jurors after he had accepted the subsequent juror, of which he now complains.
 

 ¶ 10. Further, because Hargett failed to object to the jury-selection process in the trial court, this issue is procedurally barred on appeal.
 
 Sanders v. State,
 
 678 So.2d 663, 669-70 (Miss.1996).
 

 ¶ 11. Finally, had Hargett not been procedurally barred from making this claim, we find that the issue is also without merit. In
 
 Chisolm v. State,
 
 529 So.2d 635, 639 (Miss.1988), the supreme court stated:
 

 
 *978
 
 [T]his Court has held on more than one occasion that when a trial court fails to sustain a challenge for cause by the defense, it must be shown that the defense had exhausted all of its peremptory challenges before the trial court’s refusal to allow the challenge for cause.
 

 ¶ 12. Hargett had failed to exhaust all of his peremptory challenges before the trial court refused the strike for cause. Accordingly, Hargett’s second allegation of error is not only procedurally barred, but it is also wholly without merit.
 

 III. Overwhelming Weight of the Evidence
 

 ¶ 13. In his next allegation of error, Hargett claims that the trial court erred in denying his motion for a new trial because the overwhelming weight of the evidence went against his verdicts of guilty. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 886, 844 (¶ 18) (Miss.2005).
 

 ¶ 14. After review of the record and the evidence presented at trial, we are of the opinion that allowing Hargett’s guilty verdicts to stand will not sanction an unconscionable injustice. Therefore, his third allegation of error is without merit.
 

 IV. Ineffective Assistance of Counsel
 

 ¶ 15. In his final allegation of error, Hargett claims that his counsel made numerous errors during trial, which effectively deprived him of his constitutional right to effective assistance of counsel. The standard for reviewing an ineffective-assistance-of-counsel claim is well settled. Our supreme court also has detailed that:
 

 a defendant must prove that his attorney’s performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Wilcher v. State,
 
 479 So.2d 710, 713 (Miss.1985);
 
 Stringer v. State,
 
 454 So.2d 468, 477 (Miss.1984). This Court looks at the totality of circumstances to determine whether counsel’s efforts were both deficient and prejudicial.
 
 Carney v. State,
 
 525 So.2d 776, 780 (Miss.1988);
 
 Read v. State,
 
 430 So.2d 832, 839 (Miss.1983). “Judicial scrutiny of counsel’s performance [is] highly deferential.”
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. There is a strong but rebuttable presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.
 
 Carney,
 
 525 So.2d at 780;
 
 Gilliard v. State,
 
 462 So.2d 710, 714 (Miss.1985). Only where it is reasonably probable that but for the attorney’s errors, the outcome of the trial would have been different, will we find that counsel’s performance was deficient.
 
 Dickey v. State,
 
 662 So.2d 1106, 1109 (Miss.1995);
 
 Reed v. State,
 
 536 So.2d 1336, 1339 (Miss.1988).
 

 Holly v. State,
 
 716 So.2d 979, 989 (¶37) (Miss.1998).
 

 ¶ 16. After reviewing Hargett’s specific claims, and after our review of the record, we find that each instance Hargett complains of falls within the protected realm of trial strategy. A complaint regarding counsel’s failure to ask certain questions, or make certain objections, falls within the ambit of trial strategy.
 
 Houston v. State,
 
 887 So.2d 808, 815 (¶ 34) (Miss.Ct.App.2004) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). As this Court generally defers to counsel’s judgment at trial, we are reluctant to define counsel’s trial strategy as ineffective assistance of counsel in such matters.
 
 Id.
 
 Ac
 
 *979
 
 cordingly, we find this allegation of error is without merit.
 

 ¶ 17. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SALE OF LESS THAN THIRTY GRAMS OF MARIJUANA, AND COUNT II, SALE OF TEN DOSAGE UNITS OF HYDRO-CODONE, AND SENTENCE AS A HABITUAL OFFENDER OF SIX YEARS FOR COUNT I AND SIXTY YEARS FOR COUNT II TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $1,000 FINE FOR COUNT I, A $5,000 FINE FOR COUNT II, AND $300 IN RESTITUTION TO THE MISSISSIPPI BUREAU OF NARCOTICS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. ROBERTS AND MAXWELL, JJ., CONCUR IN RESULT ONLY. IRVING, J., NOT PARTICIPATING.