# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-KA-00684-SCT

*DONALD MITCHELL a/k/a DONALD K. MITCHELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/2010 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 01/31/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. Before the Court is a direct appeal of the conviction of Donald Mitchell for possession of cocaine with intent to distribute and his habitual-offender sentence. Finding that the trial court erred by admitting evidence of Mitchell's prior convictions for possession of marijuana and cocaine, we reverse Mitchell's conviction, vacate his sentence, and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶2.    Detective Kevin Dear of the Jackson Police Department ("JPD") received an anonymous call that a person known as "Black" was selling crack cocaine from a brick apartment complex on Capitol Street. Detective Dear identified Donald Mitchell as "Black," conducted a preliminary investigation, and obtained a search warrant for the apartment.

¶3.    JPD Sergeant Richard McGahey and other officers executed the search warrant. Upon entering the apartment, McGahey saw Mitchell run by and followed him into the bathroom, where he saw Mitchell shake a bag upside down, emptying its contents into the toilet. Mitchell then flushed the toilet, but McGahey was able to grab some of the substance before it all was flushed away. The substance later was sent to JPD's laboratory and determined to be cocaine.

¶4.    The officers searched Mitchell and found approximately $1,000 in cash and a small digital scale that appeared to have cocaine residue on it. They found another scale on the kitchen counter and additional stashes of cocaine around the apartment.

¶5.    Mitchell was indicted as a habitual offender for possession of cocaine with intent to sell, based on previous convictions for possession of cocaine, possession of marijuana, and manslaughter.

¶6.    Mitchell filed a motion *in limine* to exclude evidence of his prior convictions for possession of controlled substances[1] from being admitted at trial. The trial court held a

---

[1]Mitchell's prior convictions were for *possession* of controlled substances – they were not, as the State's brief asserts, for the "sale of cocaine and marijuana."

hearing, at which time the State asserted that it planned to offer evidence of the prior possession convictions to "show that he understands the drug game . . . that's just a prior bad act to show his involvement with drugs . . . not to show that he did this, but just to show that he understands, 'No, it's not a mistake.'" The trial judge denied the motion *in limine*, paraphrasing language from **Givens v. State**, 967 So. 2d 1 (Miss. 2007), as follows:

> When considering other crime evidence concerning drug activity and drugs being found in the possession of the defendant, as well as the fact that the police was familiar with the defendant because of the prior matters, probative value of the relevant evidence was not substantially outweighed by danger of unfair prejudice. And, thus, the trial judge did [not] abuse his discretion in allowing it.

¶7. During the testimony of its first witness, the State presented evidence of Mitchell's prior possession convictions. Mitchell did not testify. The jury returned a verdict of guilty of possession of crack cocaine with intent to distribute, and Mitchell received a life sentence as a habitual offender.

## ISSUES

¶8. Mitchell raises numerous issues, only one of which we address today, as it is dispositive:

> Whether the trial court committed reversible error by admitting evidence of Mitchell's prior convictions for possession of marijuana and cocaine.

## DISCUSSION

### I. Standard of review

¶9.     We apply an abuse-of-discretion standard when reviewing a trial judge's decision regarding the admission or exclusion of evidence. ***Hargett v. State***, 62 So. 3d 950 (Miss. 2011).

> **II. The trial court committed reversible error by admitting evidence of Mitchell's prior convictions for possession of controlled substances.**

¶10.    Mississippi Rule of Evidence 404(b) governs the admissibility of evidence of other crimes, wrongs, or acts. Under Rule 404(b), "evidence of a crime other than the one for which the accused is being tried generally will not be admissible." ***Hargett v. State***, 62 So. 3d 950, 953 (Miss. 2011) (citations omitted). However, "[e]vidence of a prior offense is admissible if offered, not to show the accused's criminal tendencies, but to prove identity, knowledge, intent, common criminal scheme or plan, or absence of mistake" – none of which was contested in the case *sub judice*. ***White v. State***, 842 So. 2d 565, 573 (Miss. 2003) (citation omitted). "The reason for the rule is to prevent the State from raising the inference that the accused has committed other crimes and is therefore likely to be guilty of the offense charged." ***Id.*** (citations omitted).

¶11.    We find that the evidence of Mitchell's prior possession convictions satisfies none of the other purposes listed in the nonexclusive provisions of Rule 404(b). The State replied to Mitchell's motion to exclude this evidence that it would offer the evidence to prove absence of mistake – an assertion never advanced by Mitchell, nor otherwise placed at issue by any witness. As mistake was not at issue, absence of mistake is a *non sequitur*. As we have recognized, "[t]he theory of the case can't be we know he's a drug dealer . . . unless he

4

alleges a mistake, there is no reason to prove absence of mistake." ***Hargett***, 62 So. 3d at 953.

As we previously have provided:

> [v]igorous prosecution does not require, and fairness does not permit, that one charged with an offense in this area be loaded with prejudicial irrelevancies. The commendable zeal of the District Attorney to convict those he believes guilty must never be allowed to blind either him or the courts to the necessity of affording every man a fair trial.

***Hargett***, 62 So. 3d at 954 (quoting ***Sumrall v. State***, 272 So. 2d 917, 919 (Miss. 1973)).

¶12. Having concluded that no other purpose would allow admission of the evidence of Mitchell's prior convictions, we are left with the general rule that character evidence is not admissible to prove conduct on a particular occasion. Miss. R. Evid. 404. To allow a party to attempt to prove that a person acted in accordance with a certain character trait "is to prejudice the person, to render him in the eyes of jurors liable, not because of what he did or did not do in the instant case, but because of what he has done or failed to do in the past." Miss. R. Evid. 404 cmt.

¶13. The trial court's reliance on ***Givens v. State***, 967 So. 2d 1 (Miss. 2007), was misplaced. At Givens's trial, evidence of his prior bad acts was deemed admissible to reveal the complete picture of the crime of which he was charged. Police officers had responded to an anonymous call reporting drug activity at a certain location. ***Givens***, 967 So. 2d at 3. Upon arriving at the location, an officer spoke with Givens and another individual, Cooper, and searched the two men, finding two "nickel bags" of marijuana on Givens. ***Id.*** An officer gave Givens a ticket for possession of marijuana. ***Id.*** The officers also found a .22 pistol that Cooper claimed belonged to him under a nearby porch. ***Id.*** About fifteen minutes later, a

police officer driving by the location found Cooper's body on the side of the road, but Givens was gone. ***Id.*** At Givens's trial for Cooper's murder, the trial court admitted testimony that police officers had responded to an anonymous report of drug activity and had found marijuana in Givens's possession. ***Id.*** at 8. This Court found that the testimony "was proper Rule 404(b) evidence because it told the jury 'the whole story' as to why . . . police officers and a . . . deputy sheriff went to the scene, where they happened upon Givens." ***Id.*** at 9. In contrast, Mitchell's possession *convictions* occurred years – not minutes – before the events for which Mitchell was on trial; prior possession convictions were not necessary to present the jury "the whole story" of how Mitchell came to be charged with possession with intent to distribute on the date alleged in the indictment.

## CONCLUSION

¶14.    We conclude that the trial court abused its discretion by allowing the admission of evidence of Mitchell's prior possession convictions. As Mitchell was prejudiced by this inadmissible evidence, we reverse Mitchell's conviction and vacate his sentence. The case is remanded to the Hinds County Circuit Court for a new trial consistent with this opinion.

¶15.    **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

6