CHANDLER, Justice,
dissenting:
¶ 30. I respectfully dissent. I would find that the trial court’s admission of Stone’s prior bad acts under Mississippi Rules of Evidence 404(b) and 403 constituted an abuse of discretion. The State made no effort to specify which Rule 404(b) exception applied, and then the trial court erroneously found that all of them applied. For this reason, the trial court’s balancing of prejudice with probative value under Rule 403 was flawed. The error in admitting Stone’s prior bad acts was not harmless because Stone was forced to testify to attempt to mitigate the prior-bad-acts evidence. Therefore, I would reverse and remand for a new trial.
¶ 31. I restate the evidence of Stone’s prior bad acts that was admitted at his trial. While the crime occurred in 2010, all of the prior bad acts occurred in 2005 or earlier. The victim, Stone’s sister Carolyn, testified that she and Stone had begun to have problems in 2002 or 2003. She testified that, at that time, Stone had made threats that he was going to stalk her and beat her with a hammer; that he had behaved in an angry and explosive manner; and that he had destroyed her property, including a painting. His other sister, Kay, testified that Stone had made threatening phone calls. Kay and Carolyn testified about an incident in which Carolyn was' in bed, and Stone had threatened to “beat her to a pulp” with a baseball bat. Stone retreated when Kay approached him wielding an iron skillet. According to Kay, this incident had occurred five or six years earlier; Carolyn said it had occurred in 2003. Carolyn also testified that, about four or five years ago, Stone had slapped her in the face, once with his hand and another time with a flyswatter.
¶ 32. I further observe that repeated reference was made throughout the trial to a restraining order which Carolyn asserted she had taken out against Stone. Kay, Seretha, and Carolyn all testified that Stone’s 2010 visit had violated this restraining order. A copy of the “restraining order” was admitted into evidence. A review of this document shows that the order actually consisted of Stone’s January 24, 2005, conviction for trespass and suspended sentence of six months, with the condition that he refrain from entering upon any of the lands or buildings of Carolyn, except for his own residence. Obviously, this six-month suspended sentence no longer was in effect in 2010, and Stone’s 2010 visit was not in violation of a restraining order.
¶ 33. The State filed a motion to allow evidence of Stone’s prior bad acts under Mississippi Rule of Evidence 404(b), which provides: *1089 M.R.E. 404(b). The exceptions listed in Rule 404(b) are not exclusive. This Court has held that another purpose for admitting evidence of prior bad acts is that “the State has a legitimate interest in telling a rational and coherent story of what happened.” Davis v. State, 40 So.3d 525, 530 (Miss.2010) (quoting Brown v. State, 483 So.2d 328, 330 (Miss.1986)) (internal quotations and citations omitted). Further, “[w]here substantially necessary to present to the jury the complete story of the crime, evidence or testimony may be given even though it may reveal or suggest other crimes.” Id. (quoting Brown, 483 So.2d at 330).
*1088 Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
*1089 ¶ 34. If the evidence is allowed under Rule 404(b), it still must pass through Rule 403, which is the “ultimate filter through which all otherwise admissible evidence must pass.” McKee v. State, 791 So.2d 804, 810 (Miss.2001). Rule 403 provides that, “[a]lthough relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” M.R.E. 403.
¶ 35. At the hearing, the State argued that the evidence of Stone’s prior bad acts was admissible to show proof of every listed purpose in Rule 404(b): motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. The State also argued that evidence of Stone’s prior bad acts was necessary to present a rational and coherent story of the crime, to show why Carolyn and Kay had been afraid of Stone, and to explain why there was a restraining order against Stone.
¶ 36. Stone objected. He argued that the State had to specify which of the Rule 404(b) exceptions applied to the prior-bad-acts evidence. He argued that the prior bad acts were irrelevant because the elements of aggravated assault did not require the State to prove that the Carolyn had been afraid of Stone, because the 2005 and earlier incidents were too remote in time to be relevant to Stone’s intent in 2010, and because the “restraining order” actually was a conviction for criminal trespass with a conditional suspended sentence. In rebuttal, the State argued that, because a restraining order had been in place against Stone, the prior bad acts were not too remote in time. The State further argued that, without describing Carolyn’s fear in the past, it would be impossible for the State to present a rational and coherent story of what occurred in 2010.
¶ 37. The trial court admitted the evidence of prior bad acts, stating that:
[R]egarding [the State] not identifying which one of the factors under 404 they’re seeking to do it for, it appears to me they’re offering it for all of them, for motive, for opportunity, for his intent, his preparation, his plan and what he was going to do, and knowledge, he’s the one that did it for the purpose of his identity, and certainly absence of mistake or accident on his part. I think it goes to show all of them. And it’s not being offered to show character.
The trial court further found that the evidence was not more prejudicial than probative under Mississippi Rule of Evidence 403, because all of the acts had involved the victim of the crime for which Stone was on trial. The trial court offered to give a limiting instruction, but Stone’s counsel did not request one at the jury-instruction conference.[12]
*1090 ¶ 38. Stone argues that the prior-bad-acts evidence was inadmissible under Rule 404(b) and Rule 403. This Court reviews a trial court’s decision admitting or excluding evidence for abuse of discretion. Richardson v. State, 74 So.3d 317, 329 (Miss.2011). But “[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” M.R.E. 103(a).
¶ 39. Rule 404(b) “exists to prevent the State from suggesting that, since a defendant has committed other crimes previously, the probability is greater that he is also guilty of the offense for which he is presently charged.” Robinson v. State, 35 So.3d 501, 506 (Miss.2010) (quoting Jasper v. State, 759 So.2d 1136, 1141 (Miss.1999)). Evidence of prior bad acts tends to divert the jury’s attention from the true crime, mislead the jury, and prejudice the jury against the defendant. Id. (quoting Floyd v. State, 166 Miss. 15, 148 So. 226, 230 (1933)). The Court applies a two-part analysis to determine the admissibility of evidence under Rule 404(b):
The evidence offered must (1) be relevant to prove a material issue other than the defendant’s character; and (2) the probative value of the evidence must outweigh the prejudicial effect. The second part of this analysis is required by Mississippi Rule of Evidence 403, as Rule 403 is the ultimate filter through which all otherwise admissible evidence must pass.
Welde v. State, 3 So.3d 113, 117 (Miss.2009) (internal citations and quotations omitted).
¶ 40. In Hargett v. State, 62 So.3d 950, 953 (Miss.2010), Hargett was convicted of sale of marijuana and hydrocodone. He argued that the State erroneously had referred to his prior drug crimes at trial. Id. The Court of Appeals affirmed, stating that “each questioned instance falls squarely within the exception provided in M.R.E. 404(b).” Id. This Court reversed because “the court failed to explain how any exception applies,” and the evidence of prior drug crimes was excessive and unnecessary to tell the complete story of the crime for which Hargett was on trial. Id. See U.S. v. Yeagin, 927 F.2d 798, 803 (5th Cir.1991) (stating that a trial court ruling on the admissibility of evidence under Rule 404(b) “should require the government to explain why the evidence is relevant and necessary on a specific element that the government must prove”).
¶ 41. As in Hargett, here, the trial court broadly applied all the Rule 404(b) exceptions by finding that the prior-bad-acts evidence was admissible for every exception. The trial court specifically addressed only two of those eight exceptions, identity and absence of mistake or accident. The court found that the prior-bad-acts evidence was relevant to identify Stone as the perpetrator. This finding was error, because Stone’s identity as the perpetrator was not in issue. The trial court also found that the prior-bad-acts evidence showed absence of mistake or accident. However, mistake or accident also was not in issue. Stone did not claim mistake or accident as a defense, and none of the evidence submitted by either party suggested that Stone had injured Carolyn by mistake or by accident. The trial court did not explain how the other exceptions applied, or why the probative value of the evidence for each Rule 404(b) purpose outweighed its prejudicial effect.
¶ 42. While the majority lists motive, intent, and absence of mistake or accident as the applicable exceptions, it likewise *1091 provides no analysis of how these exceptions apply. The majority’s analysis merely finds Stone’s prior bad acts were relevant to prove the elements of aggravated assault under Rule 401. But establishing that prior-bad-acts evidence is relevant is not the proper inquiry — the court should find that the evidence is probative of each Rule 404(b) exception it finds applicable. As the learned Judge Frank H. Easter-brook has stated, the trial court “must both identify the exception that applies to the evidence in question and evaluate whether the evidence, although relevant and within the exception, is sufficiently probative to make tolerable the risk that jurors will act on the basis of emotion or an inference via the blackening of the defendant’s character.” U.S. v. Beasley, 809 F.2d 1273, 1279 (7th Cir.1987). When the trial court’s discretion is exercised, it “will rarely be disturbed.” Id.
¶ 43. I would find that, because the trial court overestimated the probative value by erroneously finding all the Rule 404(b) exceptions applicable, its balancing of the probative value versus prejudicial effect under Rule 408 was flawed and entitled to no deference. I would find that the probative value of the evidence to show motive was substantially outweighed by the prejudicial effect under Rule 403. In my opinion, the only conceivable nonchar-acter purpose for the evidence of Stone’s prior conduct toward Carolyn was to show that Stone was motivated by anger at his sister. But while the aggravated assault at issue occurred in 2010, the prior bad acts had occurred at least five years earlier. Contrary to the State’s argument, no restraining order was in place against Stone at the time of the aggravated assault. And Stone’s prior acts of threatening and slapping his sister five years previously had no apparent connection with his actions in 2010. For example, there was no showing that Stone’s reasons for his anger toward Carolyn in 2005 persisted into 2010.[13] Therefore, the evidence of prior bad acts was of limited probative value. In addition to remoteness, any probative value was further lessened by the presence of other evidence from which the State could have shown Stone was angry with Carolyn; there was testimony that Stone had a rocky relationship with Carolyn and that the two had problems, and that Stone was jealous of Carolyn.
¶ 44. In contrast, the prejudice to Stone was substantial. The evidence of Stone’s prior bad acts was thoroughly explored during the testimony of every family member who testified against Stone. These family members also testified numerous times that Stone’s presence at the house in 2010 had violated a restraining order. But as previously explained, there actually was no restraining order against Stone at that time. The prior-bad-acts evidence suggested a decision on an impermissible basis: that, because of Stone’s prior conflicts with his sister in which he had threatened and slapped her, he was more likely to be guilty of the charged assault. Further, the evidence of Stone’s propensity for conflict with his sister, along with the erroneous evidence that Stone had violated a restraining order, was the type of evidence with a strong tendency to prejudice the jury by playing on their emotions and sympathies. There is a substantial danger *1092 that this evidence improperly influenced the jury’s decision that the particular circumstances showed Stone was guilty of aggravated assault, rather than simple assault.
¶ 45. Finally, I would And that the admission of Stone’s prior bad acts was not harmless error. This Court has held that an error will be deemed harmless if the same result would have been reached without the error. Tate v. State, 912 So.2d 919, 926 (Miss.2005). In Robinson v. State, this Court held that the erroneous admission of prior-bad-acts evidence was not harmless because it had forced Robinson to take the stand to attempt to mitigate the effect of the evidence. Robinson, 35 So.3d at 506. Likewise, the admission of Stone’s prior bad acts forced Stone to testify to explain each incident. This implicated Stone’s constitutional right to refrain from testifying. See id. As in Robinson, the admission of evidence of Stone’s prior bad acts forced Stone either to testify in an attempt to mitigate the damage caused by the evidence, or to forego that right and permit the jury’s consideration of the prior-bad-acts evidence with no response. I cannot say that, absent the error in admitting the prior-bad-acts evidence, the result would have been identical. I would reverse and remand for a new trial.
KITCHENS AND KING, JJ., JOIN THIS OPINION. DICKINSON, P.J., JOINS IN PART.

. This Court has held that whether to request a limiting instruction concerning Rule 404(b) evidence, and thereby draw the jury’s attention to the evidence, is a matter of trial *1090 strategy in the exclusive province of the defendant after consultation with counsel. Tate v. State, 912 So.2d 919, 928 (Miss.2005).

. The majority finds that the remoteness of prior bad acts evidence is a matter for the jury to weigh. It cites a case affirming the admission of prior acts of child molestation in a child-molestation case. Gore v. State, 37 So.3d 1178, 1186 (Miss.2010). However, Gore did not hold that remoteness is never to be considered by the trial court. Id. In fact, remoteness has always been relevant to the trial court's determination of probative value under Rule 404(b). Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992); U.S. v. Broussard, 80 F.3d 1025, 1040 (5th Cir.1996). Therefore, I find the majority’s analysis to be incorrect.